**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**J.L.B., a minor by and through her**
**mother and natural guardian**
**JACKALYNN TUMBLESON, and**
**JACKALYNN TUMBLESON,**
**individually,**

    **Plaintiffs,**

**v.**                                                                     **Case No. 8:05-cv-1005-T-17TBM**

**BUSCH ENTERTAINMENT**
**CORPORATION, d/b/a**
**BUSCH GARDENS,**

    **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court on the parties' **Joint Motion for Entry of Stipulated Confidentiality and Protective Order** (Doc. 8). The motion, signed by counsel for the parties, sets forth the process by which the parties agree to handle all documents, things and witness testimony designated as "Confidential Information."

The Eleventh Circuit has held that the district courts may issue umbrella protective orders to expedite the flow of discovery material and to protect the confidentiality of documents. See McCarthy v. Barnett Bank of Polk County, 876 F.2d 89, 91 (11th Cir. 1989); In re Alexander Grant & Co. Litigation, 820 F.2d 352, 356 (11th Cir. 1987). For purposes of discovery and preventing the parties from litigating the issue of confidentiality as to each

document, the parties' stipulation serves a useful purpose. Therefore, this court approves the stipulated confidentiality and protective order.

Accordingly, it is **ORDERED** that:

1)      The parties' **Joint Motion for Entry of Stipulated Confidentiality and Protective Order** (Doc. 8) is **GRANTED**.

2)      The parties' stipulated **Confidentiality and Protective Order** (Doc. 8, Attach.) is hereby incorporated into this Order.[1]

**Done and Ordered** at Tampa, Florida, this 27th day of October 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[1] In accordance with ¶ 10 of the parties' stipulated **Confidentiality and Protective Order**, if a party seeks to file a document under seal, the court shall determine the matter upon motion by the party. See, e.g., United States v. Baez-Alcaino, 718 F. Supp. 1503 (M.D. Fla. 1989). The party shall file the motion electronically and submit a hard copy of the document under seal with the Clerk, which shall be identified as an attachment to the motion. If the accompanying motion is granted, the document shall remain under seal; if the motion is denied, the Clerk shall scan and docket such electronically as an attachment to the motion to seal.